IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| GARY BURGESS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMPSON B. BRUE, JR., an individual; and NBA Media Ventures, LLC, a Delaware corporation;<br><br>　　　　　Defendants. | No.<br><br>**COMPLAINT FOR PERSONAL INJURIES AND NEGLIGENCE**<br><br>**[CLAIMS ARE _NOT_ SUBJECT TO MANDATORY ARBITRATION]**<br><br>**JURY TRIAL REQUESTED**<br><br>**Filing Fee Pursuant to ORS 21.160(1)(d): $884.00**<br><br>*Prayer Amount Not Greater Than $4,925,977.32* |

Plaintiff GARY BURGESS ("Plaintiff") alleges as follows:

1.

At all times material herein, Plaintiff was a resident of the County of Washington, State of Oregon.

2.

At all times material herein, Defendant SAMPSON B. BRUE, JR. ("Defendant Brue") was and is a resident within the County of Ventura, State of California.

3.

At all times material herein, Defendant NBA MEDIA VENTURES, LLC (hereinafter "Defendant NBA Media Ventures"), was and is a Delaware corporation doing business within the County of Multnomah, State of Oregon.

1 -   **COMPLAINT FOR PERSONAL INJURIES AND NEGLIGENCE**

**RAYBURN LAW OFFICE**
4905 S.W. Griffith Drive, Suite 105; Beaverton, OR 97005
(503) 968-5820 • Fax (503) 641-0440
ralph@rayburnlawoffice.com

**EXHIBIT 1**
**1 of 6**

1                                          4.

2         At all times material herein, Plaintiff was operating a 1999 Dodge Van, Oregon License

3  Plate Number HRDHAT.

4                                          5.

5         At all times material herein, Defendant NBA Media Venture's agent, Defendant Brue,

6  was operating a rental vehicle owned by Avis Budget Rental Car, a 2017 Chevrolet Malibu, Utah

7  License Plate Number E721UU.

8                                          6.

9         Defendant Brue took possession of the vehicle on behalf of Defendant NBA Media

10 Ventures.

11                                         7.

12        At all material times herein, Defendant Brue was acting in the course and scope of his

13 employment for Defendant NBA Media Ventures and as an agent for Defendant NBA Media

14 Ventures.

15                                         8.

16        On Friday, May 25, 2018 at approximately 4:54 p.m., Plaintiff was traveling westbound

17 in the left lane of Tualatin-Valley Highway at or near the intersection of SW 141st within the

18 County of Washington, State of Oregon.  At or around the same time, a semi-truck/car hauler

19 was in the right lane traveling westbound on Tualatin-Valley Highway and slowed and signaled

20 to make a right turn to head north onto SW 141st.  Defendant Brue, in his rental vehicle, was

21 facing southbound on SW 141st and entered the roadway in front of the truck that occupied the

22 right land and attempted to make a left hand turn to head eastbound onto Tualatin-Valley

23 Highway.  Defendant Brue's vehicle crossed Plaintiff's vehicle which had the right-of-way, and

24 caused a t-bone collision between Plaintiff's front end of his vehicle and the driver's side of

25 Defendant Brue's vehicle.

26 ///

2 -   **COMPLAINT FOR PERSONAL INJURIES AND NEGLIGENCE**

**RAYBURN LAW OFFICE**
4905 S.W. Griffith Drive, Suite 105; Beaverton, OR 97005
(503) 968-5820 • Fax (503) 641-0440
ralph@rayburnlawoffice.com

**EXHIBIT 1**
**2 of 6**

9.

The sole and proximate cause of the collision as described in paragraph nine (9) above, was the direct and foreseeable result of Defendant Brue's negligence, and by the Doctrine of Respondeat Superior Defendant NBA Media Ventures' responsibility, in one or more of the following particulars:

(a) in failing to maintain proper, close and careful lookout;
(b) in failing to operate his vehicle at a reasonable speed for the conditions then and there existing;
(c) in failing to maintain proper control of his vehicle;
(d) in making a dangerous left turn;
(e) in making a dangerous left turn while his view of traffic with the right-of-way was obstructed;
(f) in failing to stop or swerve to avoid colliding with Plaintiff's vehicle;
(g) in failing to yield the right-of-way; and
(h) in failing to yield the right-of-way in violation of ORS 811.280.

10.

As a direct, proximate, and foreseeable result of the negligence of Defendants and each of them, Plaintiff suffered the following injuries:

(a) A wrenching, tearing, and twisting of the soft tissues, blood vessels, and supporting ligaments of the head, neck, shoulder, back, and knees;
(b) post traumatic brain injury, closed head injury with post concussive syndrome including headaches, exophoria, visual disturbances, convergence insufficiency, diplopia, dizziness, Ocular (HTN) right eye, Ocular (HTN left eye), memory loss, impairment to language skills, and difficulty with attention;
(c) left jaw pain and swelling, pain and aching on left side of jaw, teeth pain, bite off due to swelling of left TMJ, and difficulty chewing;

3 -   **COMPLAINT FOR PERSONAL INJURIES AND NEGLIGENCE**

**RAYBURN LAW OFFICE**
4905 S.W. Griffith Drive, Suite 105; Beaverton, OR 97005
(503) 968-5820 • Fax (503) 641-0440
ralph@rayburnlawoffice.com

**EXHIBIT 1**
3 of 6

1     (d)    bilateral cervical strain with neck sprain and muscle strain with cervical
2             radiculopathy;
3     (e)    left shoulder injury and pain;
4     (f)    left knee sprain;
5     (g)    chipping and front teeth fractures from collision;
6     (h)    cracked root and fracture of tooth from collision resulting in infection and need to
7             have tooth extracted and artificial tooth implanted;
8     (i)    C3-4 interspinous ligament sprain;
9     (j)    swelling, bruising to the posterior vertex of the scalp;
10    (k)    occipital and left frontal headaches and cognitive deficits;
11    (l)    left hand weakness from radiculopathy;
12    (m)   decreased shoulder range of motion;
13    (n)    low back pain;
14    (o)    sleep disruption, mood alteration, vestibular disturbance, and visual disturbance;
15    (p)    cervicogenic headaches;
16    (q)    anxiety; and
17    (r)    aggravation of depression and PTSD.

                                11.

As a direct, proximate, and foreseeable result of the negligence of Defendants and each of them, Plaintiff was rendered sick, sore, ill and incapacitated and has suffered and will continue to suffer severe pain and discomfort. He has suffered, and will continue to suffer, pain, inconvenience, and interference with his normal and usual activities all to his non-economic damage in an amount to be determined by a jury but not to exceed $3,625,000.00.

///
///
///

4 -  **COMPLAINT FOR PERSONAL INJURIES AND NEGLIGENCE**

**RAYBURN LAW OFFICE**
4905 S.W. Griffith Drive, Suite 105; Beaverton, OR 97005
(503) 968-5820 • Fax (503) 641-0440
ralph@rayburnlawoffice.com

EXHIBIT 1
4 of 6

12.

As a further direct, proximate, and foreseeable result of the negligence of Defendants and each of them, Plaintiff incurred economic damages for his hospital, doctor, medical, x-ray, physical therapy, and drug expenses in the amount of $80,977.32 (as of 11/19/19). Plaintiff reserves the right to amend this paragraph at the time of trial.

13.

As a further direct, proximate, and foreseeable result of the negligence of Defendants and each of them, Plaintiff is expected to incur economic damages for his future hospital, doctor, medical, x-ray, physical therapy, and drug expenses in an amount to be determined by a jury and estimated at $150,000.00. Plaintiff reserves the right to amend this paragraph at the time of trial.

14.

As a further direct, proximate, and foreseeable result of the negligence of Defendants and each of them, Plaintiff incurred economic damages for his lost wages in an amount to be determined by a jury, but not to exceed $120,000.00. Plaintiff reserves the right to amend this paragraph at the time of trial.

15.

As a further direct, proximate, and foreseeable result of the negligence of Defendants and each of them, Plaintiff incurred economic damages for his impairment to future earning capacity in an amount to be determined by a jury, but not to exceed $950,000.00. Plaintiff reserves the right to amend this paragraph at the time of trial.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants and each of them as follows:

(a) For his non-economic damages in an amount to be determined by a jury, but not to exceed the sum of $3,625,000.00;

(b) For his economic damages for medical expenses in the amount of $80,977.32. Plaintiff reserves the right to amend this paragraph at the time of trial;

5 -   **COMPLAINT FOR PERSONAL INJURIES AND NEGLIGENCE**

**RAYBURN LAW OFFICE**
4905 S.W. Griffith Drive, Suite 105; Beaverton, OR 97005
(503) 968-5820 • Fax (503) 641-0440
ralph@rayburnlawoffice.com

EXHIBIT 1
5 of 6

1  (c) For his economic damages for future medical expenses in an amount to be determined by a jury and estimated at $150,000.00. Plaintiff reserves the right to amend this paragraph at the time of trial;

4  (d) For his economic damages for lost wages in an amount to be determined by a jury, but not to exceed $120,000.00. Plaintiff reserves the right to amend this paragraph at the time of trial;

7  (e) For his economic damages for impairment to earning capacity in an amount to be determined by a jury, but not to exceed $950,000. Plaintiff reserves the right to amend this paragraph at the time of trial;

10 (f) for his costs and disbursements incurred herein; and

11 (g) for such other and further relief as the court deems just and equitable.

DATED this 17th day of December, 2019.

By: s/Ralph F. Rayburn
Ralph F. Rayburn, OSB No. 821088
ralph@rayburnlawoffice.com
of Attorneys for Plaintiff

A TRIAL BY JURY IS HEREBY DEMANDED.

Ralph F. Rayburn, OSB No. 821088
TRIAL ATTORNEY

6 -   **COMPLAINT FOR PERSONAL INJURIES AND NEGLIGENCE**

**RAYBURN LAW OFFICE**
4905 S.W. Griffith Drive, Suite 105; Beaverton, OR 97005
(503) 968-5820 • Fax (503) 641-0440
ralph@rayburnlawoffice.com

EXHIBIT 1
6 of 6